UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────────x

SAVANAH HICKS,

               Plaintiff,

          -against-

CITY OF NEW YORK, POLICE OFFICER
MICHAEL DUGUE, and JOHN and
JANE DOE POLICE OFFICERS 1-10,

               Defendants.
──────────────────────────────────────────x

No. 24 Civ. 3716

**COMPLAINT AND JURY DEMAND**

    Plaintiff Savanah Hicks, by and through her attorneys, Cuti Hecker Wang LLP, for her Complaint alleges as follows:

## NATURE OF THE ACTION

    1.    Plaintiff Savanah Hicks was thrown to the ground and forcefully assaulted by multiple police officers at approximately 1:00 pm on April 12, 2023.  Ms. Hicks suffered multiple injuries from this gratuitous and excessive use of force during the officers' arrest of Ms. Hicks.  Tragically, she experienced bleeding in the police precinct immediately after she was arrested, and she ultimately miscarried and lost her pregnancy.  She is heartbroken.

    2.    The officers' violation of Ms. Hicks' rights had devastating physical and emotional consequences.  Ms. Hicks has experienced ongoing physical pain and discomfort, she has suffered significant emotional distress as a direct result of the violent arrest, and she continues to mourn the loss of her pregnancy.

## JURISDICTION AND VENUE

3. This action arises under the United States Constitution, 42 U.S.C. §§ 1983 and 1988, Article I, § 12 of the New York State Constitution, New York common law, and the New York City Administrative Code.

4. This Court has jurisdiction pursuant to 28 U.SC. §§ 1331, 1343(a), and 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff Savanah Hicks resides in Rockaway Park, New York.

7. Defendant City of New York ("City") was and is a municipality that is a political subdivision of the State of New York.  At all times relevant hereto, the City, acting through the New York City Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the defendants referenced herein.  In addition, at all relevant times, the City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and State of New York.

8. At all times relevant hereto, Police Officer Michael Dugue was a police officer employed by the NYPD, acting in the capacity of an agent, servant, and employee of defendant City, and within the scope of his employment as such.

9. At all times relevant hereto, defendant Police Officers John Does #1-10 (the "Doe Defendants"), whose actual names and badge numbers are not known to Plaintiff despite reasonable efforts to obtain such information, and who are sued herein by the fictitious designation of "John Doe," were police officers and members of the NYPD.  With regard to all

relevant events, the Doe Defendants were acting within the scope of their capacity as agents, servants, and employees of the City.

10. At all relevant times, Officer Dugue and the Doe Defendants (collectively, the "Officer Defendants") were acting under color of state law.

## JURY DEMAND

11. Plaintiff hereby demands a trial by jury on all of her claims in this action.

## FACTUAL ALLEGATIONS

12. On the morning of April 12, 2023, Plaintiff Savanah Hicks woke up and attended her job at the United States Postal Service.

13. The day before had been her birthday, which was an unusually exciting occasion that year. Ms. Hicks had learned weeks before that she was pregnant for the first time, something she and her boyfriend very much wanted.

14. Ms. Hicks had confirmed her pregnancy through multiple pregnancy tests. She photographed the positive results in her excitement for the memories and to share the good news.

15. After finishing her post office shift on April 12, 2023, Ms. Hicks went to see her boyfriend – the father of her expected child – in the vicinity of Paerdegat 4th Street in Brooklyn. The two socialized for some time before Ms. Hicks went to Starbucks for a beverage.

16. Approximately six weeks earlier, Ms. Hicks and her boyfriend had gotten into an argument with one of her boyfriend's relatives, who obtained a restraining order against Ms. Hicks on March 1, 2023. Ms. Hicks had complied with the restraining order, and she was not aware of any alleged violations after the order was entered.

17. Unbeknownst to Ms. Hicks, her boyfriend's relative had called the police at some point on April 12, and alleged that Ms. Hicks had violated the restraining order by interacting

with the relative, who lived in the same building as Ms. Hicks's boyfriend, through a doorbell camera that morning.

18. Ms. Hicks returned from Starbucks to the nearby location where her boyfriend was waiting for her. As Ms. Hicks approached her boyfriend, her boyfriend suddenly warned Ms. Hicks that multiple police cars were rapidly approaching Ms. Hicks from behind her.

19. Before Ms. Hicks could fully process the situation or the warning from her boyfriend, the Officer Defendants rushed toward Ms. Hicks from their vehicles as Ms. Hicks ran. Ms. Hicks had no idea why this was happening or why the officers were interacting with her.

20. The Officer Defendants forcefully tackled Ms. Hicks and pushed her down into the front yard of a building on or about the corner of Paerdegat 4th Street and East 80th Street.

21. Once Ms. Hicks was forced to the ground, the Officer Defendants continued to use excessive force against her without justification.

22. One or more of the Officer Defendants forcefully applied weight to Ms. Hicks's lower back, pressing her against the ground with his or her knee. Ms. Hicks could feel the knee in her back and her stomach/kidney area being compressed against the ground.

23. Other Officer Defendants struck and/or stomped on Ms. Hicks while she was on the ground.

24. These unlawful acts by the Officer Defendants caused Ms. Hicks significant pain and discomfort.

25. The excessive use of force against Ms. Hicks caused abrasions, cuts, bruising, swelling, and ongoing pain to Ms. Hicks's head, neck, back, foot, and other parts of her body.

26. After assaulting and injuring Ms. Hicks, the Officer Defendants placed her under arrest and brought her to the local precinct.

27. Ms. Hicks used the bathroom while she was at the precinct and noticed blood when she did so. She had not previously bled at any point since learning that she was pregnant.

28. The bleeding intensified over the coming hours and days. It was clear to Ms. Hicks that she had suffered a miscarriage, beginning in the period immediately after her arrest.

29. Prior to bleeding in the precinct, Ms. Hicks had not observed any sign of a problem with her pregnancy.

30. Ms. Hicks confirmed the loss of her pregnancy through a visit to the Mount Sinai Brooklyn Emergency Department approximately ten days after the assault.

31. Since the Officer Defendants used excessive force and violently attacked Ms. Hicks, she has continued to suffer physical pain, including in her back.

32. Ms. Hicks works in a position that often requires standing for long periods and carrying heavy bags of mail. The injuries caused by the Officer Defendants have made her work very uncomfortable.

33. Ms. Hicks has also suffered and continues to suffer, *inter alia*, psychological and mental distress, fear, apprehension, nervousness, humiliation, and depression.

34. The criminal charges that were brought against Ms. Hicks in connection with this incident were all dismissed, as was the charge that led to the March 1, 2023 restraining order.

35. Plaintiff filed a sworn notice of claim within 90 days after the claims alleged herein arose. The notice was filed on June 27, 2023.

36. Plaintiff sat for her 50-h examination on December 11, 2023.

37. At least 30 days have elapsed since service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

38. Defendants are not entitled to protection under CPLR 1601 because of, without limitation, the exclusions set forth in CPLR 1602(2)(iv) and 1602(7).

## FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983 - Excessive Force
## (Against the Officer Defendants)

39. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

40. At all relevant times, the Officer Defendants were acting under color of state law.

41. The level of force employed by the Officer Defendants was excessive, objectively unreasonable, and otherwise in violation of Plaintiff's constitutional rights.

42. As a result of the aforementioned conduct of Defendants, Plaintiff was subjected to excessive force and sustained damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983 - Failure to Intervene
## (Against the Officer Defendants)

43. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

44. The Officer Defendants had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

45. The Officer Defendants failed to intervene to prevent the unlawful conduct described herein.

46. As a result of the foregoing, Plaintiff was subjected to the use of excessive force for an extended period of time.

47. The use of excessive force against Plaintiff lasted sufficiently long to permit the Officer Defendants a realistic opportunity to intervene in that Plaintiff was forcefully pinned down and struck and/or stomped on by the Officer Defendants once she was on the ground.

48. As a direct and proximate result of this failure to intervene, Plaintiff suffered damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### Assault
### (Against All Defendants)

49. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

50. The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiff, in that the Officer Defendants had the real or apparent ability to cause imminent harmful and/or offensive bodily contact to Plaintiff, and intentionally did violent and/or menacing acts, which threatened such contact to Plaintiff, and such acts caused apprehension of such contact in Plaintiff.

51. At all relevant times, the Officer Defendants were employees of Defendant City acting within the scope of their employment. Defendant City is therefore liable for the officers' wrongdoing under the doctrine of *respondeat superior*.

52. As a direct and proximate result of this assault, Plaintiff has suffered damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### Battery
### (Against All Defendants)

53. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

54. The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff including when they, in a hostile and/or offensive manner, tackled Plaintiff to the ground, kneed her back and forcefully pinned her down, and struck and/or stomped Plaintiff without her consent and with the intent to cause harmful and/or offensive bodily contact to Plaintiff.

55. At all relevant times, the Officer Defendants were employees of Defendant City acting within the scope of their employment. Defendant City is therefore liable for the officers' wrongdoing under the doctrine of *respondeat superior*.

56. As a direct and proximate result of this battery, Plaintiff has suffered damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### Negligent Screening, Hiring, and Retention
### (Against City of New York)

57. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

58. Defendant City, through the NYPD, owed Plaintiff a duty of care to prevent the physical and mental abuse Plaintiff suffered at the hands of City employees.

59. Upon information and belief, Defendant City, through the NYPD, owed this duty of care to Plaintiff because under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that the Officers Defendants' conduct was likely to result in an injury to Plaintiff or a similarly situated person.

60. Upon information and belief, the Officer Defendants were unfit and incompetent for their positions.

61. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the Officer Defendants were not fit for duty and were potentially dangerous.

62. Upon information and belief, Defendant City's negligence in screening, hiring, and retaining the Officer Defendants directly and proximately caused Plaintiff's injuries.

63. As a direct and proximate result of this negligence, Plaintiff has suffered damages in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### New York City Administrative Code § 8-801 *et seq.* - Excessive Force
### (Against All Defendants)

64. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

65. New York City Administrative Code § 8-802 protects each person's right to be secure against the use of excessive force by the NYPD and its employees.

66. New York City Administrative Code § 8-803 affords a private right of action for any deprivation of the rights protected by Section 8-802.

67. The level of force employed by the Officer Defendants was excessive, objectively unreasonable, and otherwise in violation of Plaintiff's statutory rights under the New York City Administrative Code.

68. At all relevant times, the Officer Defendants were employees of the City of New York and the NYPD acting within the scope of their employment. Defendant City is therefore liable to Plaintiff pursuant to New York City Administrative Code § 8-803(b).

69. As a direct and proximate result of the Officer Defendants' use of excessive force in violation of Plaintiff's rights under New York City law, Plaintiff suffered damages in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**New York State Constitution, art. I, § 12**
**(Against All Defendants)**

70. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

71. By using excessive force and assaulting Plaintiff, the Officer Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 12 of the New York Constitution.

72. In addition, the Officer Defendants conspired among themselves to deprive Plaintiff of her constitutional rights secured by Article I, § 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

73. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Officer Defendants were without authority of law and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by Article I, § 12 of the New York Constitution.

74. The Officer Defendants were responsible for the deprivation of Plaintiff's state constitutional rights.

75. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

76. As a direct and proximate result of this violation of Plaintiff's state constitutional rights, Plaintiff suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

    a. Awarding compensatory damages for all physical and emotional distress, anxiety, humiliation, injury to reputation, emotional harm, pain and suffering, career, family and social disruption and other harm, in an amount to be determined at trial;

    b. Awarding punitive damages in an amount to be determined at trial;

    c. Awarding pre- and post-judgment interest, attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

    d. Awarding such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       May 23, 2024

By: _____
Alexander Goldenberg
Eric Hecker
Daniel Mullkoff

CUTI HECKER WANG LLP
305 Broadway, Suite 607
New York, New York 10007
(212) 620-2600
agoldenberg@chwllp.com
ehecker@chwllp.com
dmullkoff@chwllp.com

*Attorneys for Plaintiff*